UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05CV125-EHJ

PAMELA TRENT                                                                                          PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff Pamela Trent seeks social security disability insurance and supplemental security income benefits which were denied by the defendant Commissioner. The matter was referred to United States Magistrate Judge J. David King, who recommends that the Unfavorable Decision of the Commissioner be upheld. This Court has conducted a de novo review of the specific, written objections of the plaintiff and finds that the Report and Recommendation should be adopted and the Decision of the Commissioner affirmed.

Ms. Trent claims that she became disabled as a result of problems with her sciatic nerve, high blood pressure, stomach and thyroid (Tr. 71). After the hearing, the ALJ found that Ms. Trent suffers from severe impairments including dysthymic disorder, borderline intellectual functioning, anxiety disorder not otherwise specified, hypothyroidism, obesity, gastrointestinal reflux disease and chronic low back pain and left hip pain due to sciatica. Despite these physical and mental impairments, Ms. Trent was found to retain the residual functional capacity to perform a reduced range of light work activity (Tr. 26).

Ms. Trent appealed the Unfavorable Decision to this Court, and has filed objections to the Magistrate's Report and Recommendation, arguing that 1) the ALJ did not properly evaluate all of the medical evidence of record, particularly that evidence which would support the claimant's

allegations of disabling back pain; 2) the controlling vocational hypothetical presented to the vocational expert was flawed, as it did not accurately represent the claimant's physical and mental impairments; 3) the ALJ's analysis of the evidence fails under Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004); and 4) the ALJ erred in his assessment of the claimant's credibility.

The Court agrees with the Magistrate's conclusion that an ALJ is not required to explicitly evaluate every notation found in the medical records in a detailed and exhaustive manner. The ALJ's Decision contains a thoughtful, though not exhaustive, review of the medical evidence. In most every case there is evidence that weighs favorably in each direction. However, the Court must also remain cognizant of the "zone of choice" latitude in which the ALJ operates when it examines the evidence as a whole, both that which supports and detracts from the Commissioner's findings, Wyatt v. Secretary, 974 F.2d 680 (6th Cir. 1992), Mullen v. Secretary, 800 F.2d 535, 545 (6th Cir. 1986). While the plaintiff has carefully enumerated the evidence which supports her allegations of pain, the evidence does not establish additional functional limitations in excess of those found by the ALJ and presented in the controlling hypothetical to the vocational expert. For these reasons, the claimant's first two arguments are rejected.

Thirdly, the claimant argues that Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004) supports her contention that the ALJ failed to follow the appropriate statutory and regulatory provisions in evaluating the evidence, and argues that the Magistrate mistook the basis for which she cites Wilson. Plaintiff generally states that Wilson is important to her case because "the ALJ followed none of the statutory and regulatory requirements that he consider all of the medical evidence in the record." Plaintiff's Objections, page 5. This argument again attacks the ALJ's review of the medical evidence, and for the reasons stated above, it must fail. The plaintiff has

simply not shown how the enumerated findings noted in her objections prove limitations in excess of those contained in the ALJ's residual functional capacity findings, and accordingly this Court finds no reversible error.

Finally, plaintiff argues that the Commissioner erred as a matter of law in assessing her credibility. SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529(c) describes the kinds of evidence, including the factors below, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1)   Your daily activities;

2)   The location, duration, frequency, and intensity of your pain or other symptoms;

3)   Precipitating and aggravating factors;

4)   The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

5)   Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

6)   Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7)   Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

In his Decision, the ALJ specifically notes that he has considered SSR 96-7p in determining that the record does not support the claimant's testimony regarding the intensity and persistence of her allegedly disabling symptoms. In the paragraph addressing credibility, the ALJ finds it significant that the plaintiff indicates she cannot afford pain injections due to a lack of insurance, yet plaintiff can afford her cigarette habit. The ALJ's credibility findings also take into account the plaintiff's daily activities, as well as the primary reason given for her ceasing to work – back pain and not mental cause.

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter, <u>Villareal v. Secretary</u>, 818 F.2d 461, 463 (6th Cir. 1987). An ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other, <u>Moon v. Sullivan</u>, 923 F.2d 1175, 1183 (6th Cir. 1990). In other words, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence, <u>Walters v. Commissioner</u>, 127 F.3d 525, 532 (6th Cir. 1997). While plaintiff disagrees with the ALJ's rejection of her credibility, it is nonetheless clear that the ALJ stated sufficient reasons for his credibility determinations, particularly with regard to the inconsistencies between plaintiff's testimony and the objective medical evidence. Accordingly, the Court declines to disturb the ALJ's credibility findings.

After reviewing the record in its entirety and conducting a de novo review of the matters raised by each of these objections, the Court has determined that the analyses and conclusions of the Magistrate Judge mirror those of the undersigned. The Court adopts the Magistrate Judge's Report and Recommendation in its entirety. A Judgment in conformity has this day entered.